UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>THOMAS JONES, JR., et al,<br><br>       Defendant. | Case No. 1:25-cv-14319 |

## THOMAS JONES, SR'S, THOMAS JONES JR'S, AND JENNIFER JONES' RULE 11 MOTION FOR SANCTIONS AGAINST PLAINTIFF

NOW COMES Defendants, THOMAS JONES, SR ("Mr. Jones"), THOMAS JONES, JR. ("Tommy"), and JENNIFER JONES ("Mrs. Jones"), by and through their counsel of record, KRISTA KREPP, files their FRCP Rule 11 Motion for Sanctions against Plaintiff. In support thereof, states the following:

### INTRODUCTION

The Plaintiff filed her Complaint alleging numerous statutory and common law violations against a series of Defendants on December 4, 2025. Many of these causes of actions have no basis in facts or law. Similarly, numerous Defendants were named that truly have no relation to any claims contained in the Complaint. Instead, the Complaint is riddled with intentional misrepresentations, deficiencies in evidence and facts, and slanderous allegations with the use of provocative and inflammatory language. All of which show the true intention behind its filing – to harass. Due to the fraudulent assertion of numerous allegations, the failure of Plaintiff to correct these defects before filing, and the failure to cure these defects after receiving the safe-harbor letter, the Jones' seek sanctions against the Plaintiff pursuant to FRCP 11. Specifically, that this

1

matter should be dismissed with prejudice, the Jones' be awarded attorneys' fees, and any other appropriate sanctions that this Court deems just and necessary.

## ISSUES WITHIN THE COMPLAINT

A. Introduction Section

Plaintiff's attorney included numerous slanderous allegations in the Complaint, starting with the "Introduction" paragraph. Plaintiff initiates the Complaint by stating that Tommy was "secretly filming…their sexual encounters without [Plaintiff's] consent." This allegation is in direct contradiction to Plaintiff Counsel's own statement that, "it is true that [Plaintiff] and Tommy sometimes recorded consensual videos. [Plaintiff] never denied that." See Email from Counsel dated November 20, 2025, attached as **Exhibit A**.

Plaintiff's counsel alleges that, "Jones recorded himself raping [Plaintiff] while unconscious." [Dkt 4, p. 2]. A video that Plaintiff's counsel knows does not exist, while utilizing the aggressive word "rape" to harass Tommy and his family in a publicly filed document. Next, Plaintiff alleges that Tommy and others uploaded photos and videos to Only Fans – this is alleged with no factual support, or evidence, and Plaintiff will never be able to prove that allegation because it is untrue. [Dkt 4, P.2]. Plaintiff fails to identify the basis for "upon information and belief" when such an allegation is incredibly specific and would require some sort of knowledge in purporting it's true. Instead, Plaintiff alleges this, knowing it is false, in an attempt to trigger various statutes.

B. Parties Section

Plaintiff inappropriate alleges that Tommy "fled the state of Colorado on or about August 1, 2024, while criminal charges…were pending against him." [Dkt 4, P.3, ¶2]. Plaintiff and Plaintiff's counsel are fully aware that Tommy did not flee the state of Colorado, and that any and

2

all charges related to her allegations were dismissed and the matter was sealed. Plaintiff intentionally uses this language for slanderous and harassing purposes.

Further, Plaintiff improperly brought suit against Mr. and Mrs. Jones for the sole purposes of harassment and for the attempted use of their insurance policy. In defining the two, Plaintiff states that they, "held homeowners liability insurance." [Dkt 4, P. 4, ¶6]. The only purpose for filing this Complaint against Mr. and Mrs. Jones was an attempt to trigger their insurance and to publicly harass their family by using their direct names in this lawsuit when Plaintiff knew no viable causes of actions existed against them.

C. Facts Section

i. "Rape"

Plaintiff alleges that she was "raped" and that the alleged videos were recorded "secretly" in a conclusory and inciteful manner and for the purposes of public shame and harassment, and where Plaintiff's own counsel admitted that her Client would actively participate and consent to such videotaping. [Dkt 4, P. 6-7, ¶24(d), ¶28]. Plaintiff asserted that "Video 6" depicted a "rape" on January 14, 2023. Plaintiff's counsel knows this to be untrue because the Chicago Police Department investigated this matter – Plaintiff never submitted such a video, and no video was ever discovered by the police in their investigation. Copy of Chicago Police Department Supplemental Report, attached as **Exhibit B.** The Police Report speaks for itself - Counsel for the Jones' notified Plaintiff's Counsel of the report and its contents and sent a copy of the police report to her on November 20, 2025. Despite this, Plaintiff continued to assert that there was a video that showed a "rape" for the sole purposes of harassment and misleading the Court.

3

ii. "Trio"

Importantly, Plaintiff includes untrue assertions related to the "Trio Group" claiming it incorporated videos and photos of Plaintiff and others' partners. It did not. First, the Jones' would point out that "Trio" means *three* – yet, Plaintiff alleges that all 4 male defendants are included within it. Plaintiff knows that this group did not include any photographs or videos of the Plaintiff. Yet, she continues to allege that there were but intentionally failed to include any evidence of this - any screenshots, or anything else that somehow establishes these claims. [Dkt 4, 9, ¶50-53]. Despite this, Plaintiff continuously includes these misrepresentations throughout ¶¶58-247 of the Complaint. Plaintiff only alleged this, knowing it was untrue, to bring in additional parties and in an attempt to garner additional points of monetary gain, and bolster her unsupported claims.

iii. No Date on Videos

Plaintiff alleges numerous videos without dates – other than Video 2, which is alleged to have been sent in 2021 and over 4 years ago [Dkt 4. P. 13]. However, Videos 3, 4, 5, 7 and 8 and Photograph 1, fail to include a date of when the alleged videos were taken or purportedly disseminated. Plaintiff failed to do her due diligence and include this pertinent information because (1) she did not reasonably inquire into whether these alleged videos were actually disseminated to the people and places she claims they were, and (2) whether a statute of limitations issues exists by hiding or failing to include either the date of alleged recording, or the date of alleged dissemination. [Dkt 4, PP. 16, 19, 21, 23, and 29].

iv. Photo 2

Plaintiff alleges damages related to "Photo 2" a photograph where Plaintiff identifies that another individual is fully nude, and not the Plaintiff. Plaintiff has no purpose in putting this photograph in the Complaint, and actually fails to redact the individual's face while stating she is

4

nude in a publicly filed document – thus making that individual subject to public identification without any consent of that individual. [Dkt 4, P. 32, ¶210]. This is incredibly improper and in violation of the duties that Plaintiff's counsel has to protect that person's identity and interests. There is no legitimate purpose or legal remedy in utilizing this photograph other than an effort to throw "evidence" at the otherwise unsubstantiated allegations contained in the Complaint.

  v.  Only Fans

  All allegations related to anything being disseminated on Only Fans are fabricated. [Dkt 4, P. 39-40]. There is no evidence, and there never will be, that anything was uploaded to Only Fans. Plaintiff seemingly created this evidence in an attempt to bolster her claim – you cannot allege "upon information and belief" for a very *specific* factual allegation without there being *any* basis for doing so. Oddly, Plaintiff includes a screenshot related to an account being banned – a clear contradiction that any videos were being uploaded with no indication of monetary compensation. The mere discussion and usage of an Only Fan's account is not enough to plead that any private images/videos were uploaded to it. That screenshot does not support any of Plaintiff's claims or allegations. If that is the only "information and belief" that Plaintiff relied upon, then she failed to do her due diligence and must be sanctioned as such.

  vi.  Mr. and Mrs. Jones

  Regarding the "homeowners liability" allegations against Mr. and Mrs. Jones, Plaintiff's counsel asserted these for two purposes (1) in an attempt to trigger insurance coverage, and (2) to attack the family and their name. Plaintiff's counsel states that the parent had, "a duty to teach their son [Tommy] about sexual assault and consent and secretly recording sexual experiences without consent." [Dkt 4, P. 41, ¶267]. Plaintiff then goes on to include that Mr. Jones is a "former police chief" for no other purpose than harassment and attack of Mr. Jones' character. [Dkt 4, P.

41, ¶268]. Plaintiff's counsel brought these claims knowing that there was no actionable right as a matter of law against Mr. and Mrs. Jones and could never have a duty over their adult son for any allegations made against him.

D. Counts

For the above reasons, all Counts fail because they are based on intentional misrepresentations, intentional withholding of pertinent facts, slander, and harassment. The Complaint is salacious in nature, and was inappropriately used as a tool to harm the Defendants' reputations in its public filing.

E. Certification by Plaintiff's Counsel

Despite all of the known, intentional defects, Julia Keenan, who is the counsel for Plaintiff, signed the Complaint and certified to the Court that it did not violate FRCP 11(b). Specifically, that Ms. Keenan certified the allegations were to the best of her knowledge, information and belief formed by reasonable inquiry and *not* for any improper purpose. FRCP 11(b)(1). Counsel represented that all of the claims were warranted by existing law and not made for frivolous purposes. FRCP 11(b)(2), Ms. Keenan further certified that that the factual contentions *had* evidentiary support…of which she failed to do so with her redundant and continuous use of "upon information and belief" without any designation of where those beliefs derived from, and by doing so violated her duties to the Court. FRCP 11(b)(3).

## LEGAL STANDARD

As required by FRCP 11(c)(2), a copy of this motion along with a letter identifying the need to cure the issues contained within this motion were served to Plaintiff's Counsel and pursuant to FRCP 5 on December 11, 2025. Counsel was informed that she had 21 days to cure the defects, or this motion would be filed. After no corrections were made, this motion was filed.

6

If the proper provisions of FRCP 11(c)(2) are followed, and the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. The purpose of Federal Rule of Civil Procedure 11 sanctions is to deter baseless filings in the district court. *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).

Rule 11 establishes an objective standard, rejecting defenses based on good faith or ignorance of the law. *City of Livonia Employees' Retirement System v. Boeing Company*, 306 F.R.D. 175 (2014). Rule 11 sanctions are determined by what counsel knew at the time the complaint was filed, and an objective inquiry must be made into whether the attorney should have known that the position was groundless. *Id*. As a sanction under Rule 11, dismissal with prejudice is proper where the pleading is fraudulent; includes known falsities, or allegations that are intentionally misrepresentative for the benefit of the moving party; or where the complaint includes bizarre or incomprehensible renditions of facts or law. *Xped LLC v. Entities Listed on Exhibit 1, et al.,* 690 F. Supp. 3d 831 (N.D. Ill. 2023); *Portman v. Andrews,* 249 F.R.D. 279 (N.D. Ill. 2007);.*Hilgeford v. Peoples Bank, Inc., Portland, Ind.*, 113 F.R.D. 161 (N.D. Ind. 1986).

**ARGUMENT**

**I.     Plaintiff Inappropriately and Improperly Sued Mr. and Mrs. Jones**

Plaintiff's only allegations against Mr. and Mrs. Jones stem from a cause of action for premises liability. Premises liability is when an owner has knowledge of a hazardous condition on its property and due to the owner's negligence, a plaintiff sustains harm/damage. The audacity of pleading this cause of action in a case like this is astounding. The mere assertion that their adult son was a "hazardous condition" on their property is perplexing…more than that, the secondary allegation that they somehow had a duty to control, prevent, or otherwise be involved in their son's

7

sex life is even more ridiculous. The intention of the Plaintiff was clear – she did this knowing that such a cause of action would not stand, but in hopes that she could receive some sort of insurance coverage for damages stemming from this case and to harm the Jones' reputation. Ignorance of the law is not a defense to Rule 11. Even worse than any indefensible claim of "ignorance," it's clear that the allegations against Mr. and Mrs. Jones were brought in a salacious publicly filed complaint for more nefarious purposes – to harass them, and to cause harm to their reputation and/or character.

Where legal theories are, "not objectively warranted by existing law or a good faith argument for its extension," and where claims were brought to be a "nuisance" and in "bad faith" for the purposes of harassment are sanctionable pursuant to Rule 11. *Eberhardt v. Walsh*, 122 F.4th 681 (7th Cir. 2024) (finding that baseless claims brought with the intention to harass by the plaintiff bringing heavy motion practice with many allegations and no supporting facts were actionable). Further, dismissal with prejudice is proper of such complaints that seek to use "bizarre and incomprehensible arguments" that are not "well grounded in facts and supported by existing law" and which prejudice the defendants. *Hilgeford v. Peoples Bank, Inc., Portland, Ind.*, 113 F.R.D. 161, 165 (N.D. Ind. 1986)(highlighting the use of self-serving and manufactured documents to assert legal claims was a burden on the court and a waste of judicial resources). Like the above cases, a premises liability cause of action against Mr. and Mrs. Jones has no basis in law for the facts alleged within the Complaint and only sought to harass the couple by filing against them. Thus, dismissal with prejudice as a sanction is proper.

**II.     Plaintiff's Allegations of Secret Filming, Fleeing, and Rape are untrue and Intentionally Provocative**

Moreover, it is despicable that Plaintiff alleged that Tommy fled Colorado while there were ongoing criminal charges – which is a clear, and known *lie*. Notably, the 7th Circuit has long held that, "dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary." *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) *referencing Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) (unpublished) (citing *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998)). Here, the filing of such allegations is fraudulent. There is no conviction or charge for any "fleeing," and as both Plaintiff and her counsel is fully aware the Colorado case was dismissed and *sealed*. Generally speaking, if a court determines that a criminal matter can be sealed, the underlying case was without meritorious findings, dismissed, and thus removed from the public record. The mere assertion of this case is Plaintiff's attempt to harass Tommy and negatively impact his reputation.

Notably, similar conduct has led to complaints being dismissed with prejudice when the plaintiff presents false representations of fact, and where the plaintiff asserts frivolous legal arguments based upon the falsities, and failure to include actual facts warranting a cause of action. *See Xped LLC v. Entities Listed on Exhibit 1, et al.,* 690 F. Supp. 3d 831 (N.D. Ill. 2023). In *Xped LLC*, the plaintiff alleged in its complaint with no supporting facts and mere conclusions, that the defendant was a foreign company that was likely to move assets overseas and that it had violated the plaintiff's trademark – yet, there was evidence that the defendant was not a foreign company and domestically located, but no evidence ever presented that any trademark was violated. *Id* at 854-855. The Court dismissed the complaint with prejudice pursuant to Rule 11(b)(2) and Rule 11(b)(3) because the mere allegation, with no factual support that one violated the law, was considered frivolous and that a reasonable investigation would have discovered the facts asserted were untrue. *Id*.

9

Similarly, Plaintiff alleges throughout her Complaint that the filming was done "secretly," and without consent. However, Plaintiff herself knows that this is untrue as identified by her own attorney – specifically, that Plaintiff consented to and participated in numerous filming of intimate encounters. **Exhibit A**. Yet, despite knowing that this, the entire Complaint is tailored in such a way to construe Tommy as some sort of predator, when per Plaintiff and her attorney, she had a history of consensually participating in such activities. Finally, the Plaintiff continues to use the word "rape" and allege she was "raped" in a video. Plaintiff attempted to make these same allegations to the Chicago Police Department who determined that no evidence existed thereof, and that Plaintiff failed to present any proof that such a video existed. Counsel for Plaintiff was sent a copy of this report on November 20, 2025 and prior to her filing the Complaint – a report that speaks for itself. **Exhibit B.** Generally speaking, when a police department investigates charges they typically get warrants to find evidence related to those charges – thus, a reasonable inference of an investigating police department stating that it does not have any video of a "rape" is that one does not exist *at all*. The use of the word "rape" is intentional and inflammatory. Plaintiff alleges that a video exists of that action but fails to present it to both the Court and the Chicago Police Department, because it does not, in fact, exist.

### III. Plaintiff Asserted Frivolous Allegations with no Factual Support

When Plaintiff filed her Complaint, she knew that no photographs or images were ever disseminated on Only Fans or on the "Trio" message/snapchat. No evidence was presented supporting any contention of such – and there was no basis for pleading "upon information and belief." In Plaintiff's attempt to substantiate an untrue and unviable fact pattern, she included a screenshot with the contact saying "Trio" and where there are messages talking about Only Fans generally. There is no relation, nor will there ever be, to any intimate images/videos of the Plaintiff

that were ever disseminated publicly or on that chat. This is an attempt to mislead the Court and trigger damages with commercial dissemination allegations. No evidence presented show anything was shared in "Trio" or to the public at large.

The filing of matters which are fraudulent – and rely upon allegations that are known by the plaintiff to be untrue, are indicative of a vexatious plaintiff seeking to harass in its filing of frivolous lawsuits. *Portman v. Andrews,* 249 F.R.D. 279 (N.D. Ill. 2007). These plaintiffs are sanctionable by way of dismissal with prejudice to prevent continuous filing of future frivolous actions. *Id* at 283-284. Consequently, Plaintiff has abused her right to file for relief against the Defendants, and the Complaint should be dismissed with prejudice pursuant to FRCP 11(c).

## IV.     Lack of Dates and Use of Another's Photograph

Plaintiff's Complaint (seemingly intentionally) lacks related dates to the alleged taping and sharing of the claimed intimate videos/photograph. One video referenced a date of 2021, and another in 2023, but the remainder fail to state any dates related to Plaintiff's claims. Without the inclusion of said dates, there are numerous issues related to defenses originating in statute of limitations and the ability for Plaintiff to even allege any claims. Further, as stated above, Plaintiff references Photo 2 which admittedly is not a photograph of the Plaintiff. Yet, the Plaintiff filed an identifiable photograph of an individual and alleged damages with no standing to do so – these absurdities are a continuous pattern of a lawsuit deriving from frivolity and harassment. Consequently, Plaintiff's Complaint should be dismissed with prejudice pursuant to FRCP 11(c).

## CONCLUSION

Plaintiff had certain duties under FRCP 11(b) when filing her certified Complaint – she had to ensure that the Complaint was not filed for improper purposes (such as harassment), and that the causes of actions brought were viable in law and supported by evidence. Plaintiff violated

all of these duties – she filed a Complaint against numerous Defendants, including Mr. and Mrs. Jones, where no cause of action exists. Further, Plaintiff included known fraudulent allegations including that Tommy "fled" a criminal case. And finally, Plaintiff asserted claims that were not grounded in factual evidence, and if Plaintiff did, or would have done, a reasonable inquiry into the evidence that she claims exists related to Only Fans, Trio, and her Chicago Police Department complaint, she would have discovered that no evidence existed supporting her allegations.

Notably, even though it would have been fruitless, Plaintiff *could have* performed discovery on the false, alleged "facts" before including them in a complaint – plaintiffs are given ample opportunities to amend complaints if evidence is discovered that supports different causes of actions. Instead, Plaintiff filed a Complaint with allegations lacking in fact and evidence for a clear purpose – to *harass* those it was filed against. There is no other reasonable basis for filing the Complaint – she wanted to harm the Jones' reputations with salacious and slanderous claims in a publicly filed document. Thus, the Plaintiff must be sanctioned pursuant to FRCP 11, and her Complaint should be dismissed with prejudice, and an award for the Jones' attorneys' fees should be rendered.

WHEREFORE the Defendants, THOMAS JONES, SR, THOMAS JONES, JR., and JENNIFER JONES, pray that this Honorable Court grant their Motion for Sanctions pursuant to FRCP 11, dismiss the Complaint with prejudice, award them their attorneys' fees, and any other relief that this Honorable Court deems just and necessary.

**Dated: December 11, 2025**

_____

Krista Krepp
The Law Office of Krista Krepp
krista@krepplaw.com
630-661-0829
IL Bar 6329959