**IN THE UNITED STATES COURT OF THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:25-cv-14319** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **THOMAS C. JONES JR., et. al,** | ) | District Judge: Hon. Thomas M. Durkin |
| **Defendants.** | ) | |
| | ) | Magistrate Judge: Hon. Laura K. McNally |
| | ) | |

**JOINT INITIAL STATUS REPORT**

Defendants, THOMAS C. JONES, JR., JENNIFER JONES, THOMAS C. JONES, SR. by and through their attorney, MS. KRISTA KREPP, Defendant, JOSEPH SARNELLO, through his attorneys, AMUNDSEN DAVIS LLC, Defendant, KEGAN CORCORAN-SIPE, by and through his attorneys, MR. ISMAIL CEM KURU, and Defendant, ADRIAN ALVAREZ, appearing as a self-represented litigant, submits the following Joint Initial Status Report, per the Court's Order of February 10, 2026 (ECF No. 41).

**Defendants' Preliminary Statement:** Defendants have proposed the following Initial Status Report to be filed as a joint statement. After the Parties' discussion, Plaintiff was not amenable to agree to submit a joint and neutral statement regarding the nature of the claims and remedies, Section (1)(c), and chose to file her own statement. Defendants submit the following supplemental initial status report.

**(1) The Nature of the Case**

a. **Identify the attorneys of record for each party, including the lead trial attorneys.**

| Party: | Counsel and/or Contact Information: |
|---|---|
| PLAINTIFF | |
| Jane Doe | Represented by:<br>Julia M. Keenan (6336156)<br>Spitzer Law P.C.<br>1585 N. Milwaukee Ave., Ste. 114<br>Libertyville, IL 60048<br>julia@spitzerlawpc.com<br>Lead Counsel, Trial Counsel<br><br>Kevin K. McCormick (6286831) |

|  | McCormick Law LLC<br>10 E. Scranton Ave., St. 201<br>Lake Bluff, IL 60044<br>kevin@mccormicklawllc.com |
|---|---|
| **DEFENDANTS** | |
| Thomas C. Jones Jr.<br>Jennifer Jones<br>Thomas C. Jones Sr. | Represented by:<br>Ms. Krista Krepp<br>Law Office of Krista Krepp<br>1111 N Spaulding Ave Chicago IL 60651<br>krista@krepplaw.com |
| Joseph Sarnello | Represented by:<br>Ryan Jacobson<br>Danessa P. Watkins<br>Amundsen Davis LLC<br>rjacobson@amundsendavislaw.com<br>dwatkins@amundsendavislaw.com |
| Kegan Corcoran-Sipe | Represented by:<br>Ismail Cem Kuru<br>Law Office of Krista Krepp<br>1111 N Spaulding Ave Chicago IL 60651<br>cem@cemkuru.com<br>cem@krepplaw.com |
| Adrian Alvarez | *Pro se*<br>Sent via email at:<br>adrianalvarez1106@gmail.com |

**b. State the basis for federal jurisdiction.**

Federal jurisdiction is based on 28 U.S.C. § 1331 as the majority of Plaintiff's claims fall under § 1309 of the Violence Against Women Act (15 U.S.C. §6851). Plaintiff's state law claims based on Illinois, Colorado and California state law fall under this Court's supplementary jurisdiction, 28 U.S.C. § 1367 as they are so related to the federal claims that they create the same "case or controversy".

2

Plaintiff argues this Court holds personal jurisdiction over every Defendant for the reasons set forth in ¶ 12 of the Complaint and her responses to each respective Defendant's motion to dismissal based on lack of personal jurisdiction

**c. Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.**

Plaintiff brings her multi-count complaint against Defendants, THOMAS C. JONES JR. ("Jones"), JOSEPH SARNELLO ("Sarnello"), ADRIAN ALVAREZ ("Alvarez"), KEGAN CORCORAN-SIPE ("Corcoran-Sipe")(as a cumulative group, "Tortfeasors") and THOMAS C. JONES SR., JENNIFER JONES for violations of multiple federal and state statutes prohibiting the non-consensual recording and dissemination of videos and photos depicting sexual activity across state lines as well as the common law torts of sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, intrusion upon seclusion, and premises liability.

Plaintiff seeks incurred economic damages, prospective damages, loss of consortium damages, statutory damages, and punitive damages as appropriate. She also seeks reasonable attorneys fees and costs for having to bring this litigation. She seeks injunctive relief requesting the Tortfeasors refrain from disseminating any media containing her moving forward and specific performance seeking the removal of any images or videos containing her that may be available online and/or to any other third parties, immediately.

Defendants have each filed dispositive motions and expressly deny the characterizations of facts alleged against them and the applicability of the theories of recovery even accepting such well-pleaded allegations as true. Certain of the defendants, including Sarnello, Alvarez, and Corcoran-Sipe have also challenged personal jurisdiction.

Defendant Thomas Jones, Jr. intends on countersuing if dismissal is not granted. He will seek damages related to the frivolous suit brought by Plaintiff, defamation, and other related causes of action.

**(2) <u>Pending Motions and Case Plan</u>**

a. **Identify any pending motions.**

- Alvarez's Motion to Dismiss filed January 28, 2026 (ECF No. 36).

  o Doe's Response filed February 25, 2026 (ECF No. 45).

  o Alvarez did not file a reply.

- Corcoran-Sipe's Motion to Dismiss filed March 17, 2026 (ECF No. 47).

  o Doe's response due April 14, 2026.

  o Corcoran-Sipe's reply due April 21, 2026.

- Thomas C. Jones, Jr.'s Motion to Dismiss filed March 18, 2026 (ECF No. 51).

  o Doe's response due April 14, 2026.

  o Jones Jr.'s reply due April 28, 2026

- Thomas C. Jones, Sr. and Jennifer Jones's Motion to Dismiss filed March 17, 2026. (ECF No. 50).

  o Doe's response due Apri 14, 2026.

  o Joneses reply due April 28, 2026.

- Sarnello's Motion to Dismiss filed March 27, 2026 (ECF Nos. 54-55).

  o Doe's response due April 27, 2026.

  o Sarnello's reply due May 15, 2026.

b. **Submit a proposal for a discovery plan, including the following information:**

i. **Plaintiff proposes the following discovery plan:**

| Rule 26(a) Disclosures due date: | May 1, 2026. |
| --- | --- |

| | |
|---|---|
| Written discovery issued: | June 1, 2026. |
| Depositions: | Plaintiff suggests depositions to occur in fall/winter 2026. Plaintiff is willing to stay any depositions pending the outcome of the Defendants' motions to dismiss. |
| Deadline to move to amend pleadings. | 30 days after the last deposition. |
| Dispositive motion practice: | To be due 60 days after the final deposition occurs. |

### ii.    Defendants believe discovery should be stayed pending resolution of dispositive motions

Defendants respectfully ask the Court to stay discovery pending a ruling on their Motions to Dismiss. It is Defendants' joint position that discovery should be stayed because they have raised legal bases for dismissal, principally whether the federal claims brought pursuant to the Violence Against Women Act (VAWA) have been adequately alleged, and also whether Plaintiff has alleged sufficient Illinois-directed behavior on the part of certain Defendants to withstand dismissal on personal jurisdiction grounds. If dismissal is granted on either of those grounds, this Court would no longer have federal subject matter jurisdiction or personal jurisdiction, and/or dismissal would eliminate some claims or Defendants altogether. A stay would therefore be appropriate to streamline issues and proceedings, reduce the burden/expense of litigation on this Court and the litigants, and it would not unduly prejudice or tactically disadvantage the Plaintiff. Defendants will file a separate motion to stay if it is the Court's preference.

Plaintiff opposes a stay and respectfully ask that discovery commence while the Motions to Dismiss are pending.

The parties disagree on whether a proposed discovery schedule should be included in the initial Rule 26(f) JSR, given that Defendants are requesting to stay discovery pending ruling on

their Motions to Dismiss. Should the Court deny a stay of discovery, Defendants also request leave to propose an alternative discovery schedule from Plaintiff's proposal below.

**c. E-Discovery**

**i. Indicate whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately; and**

There will be some ESI discovery. The Parties will meet-and-confer to discuss the way to submit same pursuant to the Court's model order for exchanging ESI. The Parties will submit a joint order regarding ESI once the meet-and-confer conferences are complete.

**ii. Indicate whether the parties anticipate any electronic discovery disputes.**

None anticipated at this time.

**d. Indicate whether a jury trial is requested and the probable length of trial.**

Plaintiff demands a trial by jury. Plaintiff anticipates that she and every defendant as well as at least 2 witnesses would testify. Plaintiff anticipates that a trial would likely take 3-4 full court dates.

**(3) Consent to Proceed Before a Magistrate Judge**

**a. Indicate whether the parties consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and trial.**

The Parties do not consent to proceed before the magistrate judge.

**(4) Status of Settlement Discussions**

**a. Indicate whether any settlement discussions have occurred, and if so, the status of those discussion. Unless it is impossible due to the uncertainty of damages, plaintiffs should have made a demand by the first status conference.**

Plaintiff sent a demand to each Defendant individually in Fall 2025, prior to filing the case. Plaintiff extended the deadline on responding to her demand from 4 weeks to 6 weeks after the

6

Joneses and Sarnello retained counsel. Alvarez and Corcoran-Sipe never responded to Plaintiff's demand.

Plaintiff demanded $150,000.00 in statutory damages from each defendant, individually. Plaintiff entered settlement negotiations with the Joneses and Sarnello but was unable to come to an agreement with the Jones family or with Sarnello. Plaintiff offered Sarnello a reduced amount of damages in exchange for his execution of an affidavit admitting certain facts. Sarnello declined.

If Thomas Jones, Jr. is not dismissed, he will communicate his settlement demand prior to the initial conference.

**a. Whether the parties request a settlement conference before the Magistrate Judge assigned to the case.**

The parties do not request a settlement conference at this time.

Respectfully submitted,

KEGAN CORCORAN-SIPE

 _/s/ Ismail Cem Kuru_____
Attorney for KEGAN CORCORAN-SIPE

THOMAS C. JONES JR.
THOMAS C. JONES SR.
JENNIFER JONES

 _/s/ Krista Krepp_____
Attorney for THOMAS C. JONES JR.;
THOMAS C. JONES SR.; JENNIFER
JONES

JOSEPH SARNELLO

 _/s/ Ryan Jacobson_____
Attorney for JOSEPH SARNELLO

ADRIAN ALVAREZ

 _/s/ Adrian Alvarez_____
Appearing *pro se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 1, 2026, I filed a true and accurate copy of the foregoing Defendants' Initial Status Report via ECF, which will serve the foregoing upon all counsel of record, and I separately served via email to ADRIAN ALVAREZ, who is appearing pro se.

*/s/ Ismail Cem Kuru*
Ismail Cem Kuru
The Law Office of Krista Krepp
cem@krepplaw.com
630-661-0829
Firm No. 101169

*Attorney for Kegan Corcoran-Sipe*