IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-14319 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| THOMAS C. JONES JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' THE JONES', AVLAREZ'S, AND CORCORAN-SIPE'S JOINT
MOTION FOR SANCTIONS AND DISMISSAL PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 26(a) AND 26(g)(3)**

NOW COMES Defendants, THOMAS JONES, SR., THOMAS JONES, JR., JENNIFER

JONES, ADRIAN ALVAREZ, and KEGAN CORCORAN-SIPE (collectively "Moving

Defendants" or "Defendants"), by and through their counsels of record, and for their Joint Motion

for Sanctions and Dismissal[1], state as follows:

**INTRODUCTION**

Plaintiff's counsel demands that Jones Jr., Alvarez, and Corcoran-Sipe (collectively the

"Individual Defendants") identify every person they kissed in the last six years. She demands six

years of each Individual Defendant's Pornhub viewing history. She demands that the individual

Defendants produce intimate photographs of nonparty women who have not consented to the

disclosure of their images and are not parties to this lawsuit. She demands the entirety of privileged

communications between defense counsel's law firms. And she demands that the Homeowners,

parents sued solely for premises liability, disclose their financial accounts. These requests are not

---

[1] The counsels for Moving Defendants have separately conferred with the counsel for Plaintiff on May 15, 2026 (Jones Defense Counsel) and on May 18, 2026 (Alvarez and Cocoron-Sipe Defense Counsel) and was unable to resolve the disputes that are the subject of this Motion.

1

discovery. They are harassment – harassment that continues after the requisite meet and confers occurred.

Further, harassment is an ongoing issue in this litigation. Despite including such allegations in her Complaint, Plaintiff's own Rule 26(a) disclosures confirm she has no evidence supporting the OnlyFans allegations that she routinely included in her purported claims against the individual Defendants. A fact confirmed by the meet and confer – that Plaintiff has no evidence of OnlyFans association. Plaintiff's continuous disregard for the Federal Rules of Civil Procedure which aim to protect against improper uses of litigation and judicial system that regulates it warrant action by this Court. This Motion addresses the sanctionable discovery and the empty disclosures that confirm Plaintiff's claims are fabricated. The Moving Defendants seek sanctions, fees, and dismissal.

## BACKGROUND

Plaintiff alleges that she was non-consensually recorded and that the Individual Defendants disseminated intimate images of her. Her Complaint names six Defendants: Thomas C. Jones Jr. ("Jones Jr."), who is alleged to have been in a relationship with Plaintiff; Joseph Sarnello, Kegan Corcoran-Sipe, and Adrian Alvarez (collectively with Jones Jr., the "Individual Defendants"), who are alleged to have received and/or disseminated certain content; and Thomas C. Jones Sr. and Jennifer Jones (the "Homeowners"), who are Jones Jr.'s parents and are sued solely for premises liability and emotional distress theories. The Homeowners are not alleged to have recorded, disseminated, or viewed any intimate content.

On May 1, 2026, Plaintiff made her Rule 26(a) disclosures to Defendants which failed to identify supporting evidence for the OnlyFans allegations included in her Complaint. (Exhibit I). On May 8, 2026, Plaintiff served her First Set of Interrogatories and First Requests to Produce on

all Defendants. The Individual Defendant sets are virtually identical across all three Individual Defendants. (Exhibits A, B, E, F, G, and H) The Homeowner set is nominally tailored to those Defendants but contains many of the same deficiencies, along with requests that were plainly copy-pasted from the Individual Defendant set without review. (Exhibits C, D.) These discovery requests show the Plaintiff's intent behind bringing this litigation – to harass and cause prejudice to the Defendants.

On May 15, 2026 and May 18, 2026, in the requisite meet and confers with Plaintiff's counsel – Plaintiff confirmed that she had **no** evidence related to the allegations of OnlyFans in her Complaint, and that she needed the Individual Defendant's social security numbers and account names to subpoena evidence that she's proclaimed exists, and is one of the underlying issues of the Jones' Rule 11 Motion for Sanctions. [Dkt 25]. The exact harm that the Jones' identified in [Dkt 25] has occurred and now there is a publicly filed, salacious Complaint based on a mere fishing expedition – exactly what the related FRCP and caselaw seek to protect. Further, in these meet and confers, Plaintiff refused to limit the subject scope of discovery of the Individual Defendant's romantic life, explicitly identifying that information related to who Jones, Jr. had "anal sex" or anything other than a "one-off kiss" from 2020-2024 with was pertinent information to the case – information she also seeks for all other Individual Defendants, too. For all Individual Defendants, Plaintiff insisted that disclosure of *other* women's intimate images was necessary for litigation. This escapes the bounds of any reasonably discoverable evidence for the ongoing litigation.

## LEGAL STANDARD

Rule 26(g)(1) requires an attorney to certify, after a reasonable inquiry, that every discovery request is consistent with the Rules, not interposed for any improper purpose such as

3

harassment, and neither unreasonable nor unduly burdensome. Fed. R. Civ. P. 26(g)(1)(B). When a certification violates the Rule without substantial justification, sanctions are mandatory: the court "*must* impose an appropriate sanction." Fed. R. Civ. P. 26(g)(3) (emphasis added). The court has "discretion over the nature of the sanction but not whether to impose one." *Rojas v. Town of Cicero*, 775 F.3d 906, 909 (7th Cir. 2015).

The standard is objective. No showing of bad faith is required, and even carelessness is sanctionable. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Discovery "should be denied when a party's aim is to embarrass or harass." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978). Available sanctions include attorney fees and monetary awards (*Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855 (7th Cir. 2016) (affirming $135,423.91 award)) and formal reprimand of counsel (*Rojas*, 775 F.3d at 909). Discovery must also satisfy the proportionality requirements of Rule 26(b)(1), which limits discovery " nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Discovery requests that are not proportional to the needs of the case fail Rule 26(g)(1)(B)(iii)'s certification requirement. *Rojas*, 775 F.3d at 909.

Separately, Rule 26(a)(1)(A)(ii) requires a party to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" that the disclosing party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). A party's initial disclosures must be specific enough to allow the opposing party to evaluate the claims. *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 94 F.4th 588, 596 (7th Cir. 2024).

Where a party's disclosures fail to identify any evidence supporting a central allegation, that absence bears directly on whether discovery premised on that allegation was certified after a reasonable inquiry. Fed. R. Civ. P. 26(g)(1).

## ARGUMENT

### I. Plaintiff's Discovery Requests Were Propounded in Violation of Rule 26(g)

Every proportionality factor weighs against Plaintiff's discovery requests. The requests seek information unrelated to any claim in the Complaint, including six years of pornography viewing history, and dating app profiles. Critically, Plaintiff seeks an extensive sexual history of each Individual Defendant including naming people who the individual Defendants have kissed in the last 6 years, as long as it wasn't a "one-off." Further, the burden of Plaintiff's requests is extraordinary: complete data downloads of every personal device, the entirety of privileged inter-firm communications, and intimate imagery of nonparties who have not consented to disclosure. And the likely benefit is nonexistent, because the requests are untethered to any element of any cause of action. The specific violations are set forth below.

**A. Plaintiff Demands Six Years of Every Individual Defendant's Sexual History, Including Every Person Each Defendant Has Kissed (Interrogatories 14, 15, and 19 to Individual Defendants)**

Interrogatory 14 demands that Jones, Jr. identify "every person with whom you have had Sexual Encounters since January 1, 2020," or, for Alvarez and Cocoron-Sipe, "all persons with whom you shared information with . . . about any Sexual Encounters you may have experienced in your life." Plaintiff defines "Sexual Encounters" to include "kissing, touching, sexting, dirty talk, and any non-physical sexual interaction." (Ex. A, Interrogatory 14; Ex. E, G, Interrogatory 14). Under this definition, a single flirtatious text message sent at any point in the last six years triggers a disclosure obligation. This virtually identical request was served on all three Individual

5

Defendants. Plaintiff's counsel in meet and confer only agreed to limit this definition to not include any "one-off kiss." Yet, seeks all remaining information with a small-time reduction to 2020-2024. Plaintiff's counsel stressed the importance of identifying sexual partners during 2020-2024 to include those of "anal sex." A specification that draws raised eyebrows, and concerns over the abuse of the discovery process in litigation by Plaintiff.

This would require each Individual Defendant to catalog every private conversation in which any sexual topic arose over six years, untethered to any allegation in the Complaint. There is no reasonable basis for these requests. This case concerns specific alleged acts involving Plaintiff, not the general sexual conduct of every Defendant over a four-year window. To the extent Plaintiff could even imply that broader sexual conduct shows a "pattern," that is precisely the propensity evidence Federal Rule of Evidence 404(b) prohibits. No reasonable pre-filing inquiry could have concluded that demanding the Individual Defendant's sexual contacts and sexual conversations over the course of four years is proportional to the needs of this case.

**B. Plaintiff Demands Production of Intimate Imagery of Nonparty Women (Interrogatory 19 and Request for Production 9 to Individual Defendants)**

Interrogatory 19 demands that each Individual Defendant identify any content depicting "any unclothed or partially unclothed females other than Plaintiff and Jessica Doe." Request for Production 9 demands production of all such media. (Ex. A, Interrogatory 19; Ex. B, F, H, Request for Production 9; Ex. E, G, Interrogatory 18)

This request has no limiting principle. It demands that Defendants produce intimate photographs and videos of women who are not parties to this litigation and who have not consented to the disclosure of their images. Plaintiff's counsel is asking this Court to compel the very conduct that forms the basis of Plaintiff's own claims: the nonconsensual disclosure of intimate imagery.

6

The request is also facially irrelevant. Whether Jones Jr., Corcoran-Sipe, or Alvarez possesses intimate images of other women has no bearing on whether specific images of Plaintiff were recorded or shared without her consent. This request exists to embarrass, not to discover relevant evidence. *See Oppenheimer Fund*, 437 U.S. at 353 n.17.

### C. Plaintiff Demands Six Years of Pornhub Viewing History and other Dating App Data (RFP 6 to Individual Defendants)

Request for Production 6 for an Individual Defendants demands a "complete data download" of each Individual Defendant's activity on eighteen platforms from January 1, 2020 to the present, including Pornhub, OnlyFans, Tinder, Hinge, Bumble, and "any other website used to access, view, upload, or download pornographic or sexual material." (Ex. B, F, H, Request for Production 6.) Plaintiff demands six years of complete pornography viewing history from every Individual Defendant. There is no plausible theory under which a Defendant's private pornography consumption since 2020 is relevant to whether specific images of Plaintiff were non-consensually recorded or shared.

The request extends to platforms with no conceivable connection to the claims, including LinkedIn, YouTube, and Reddit. The open-ended catchall categories render the request limitless: Plaintiff demands every website each Individual Defendant has visited for adult content for six years. A request that encompasses LinkedIn, YouTube, and Reddit is not tailored to any claim in this Complaint.[2] Plaintiff's fishing expedition must be stopped.

### D. Plaintiff Demands the Entirety of Defense Counsel's Privileged Inter-Firm Communications (RFP 4(d) to Homeowners and Individual Defendants)

Request for Production 4(d) demands all written communications "between the offices of" The Law Office of Krista Krepp and Amundsen Davis, LLC from October 1, 2025 to the present.

---

[2] Upon meet and confer, Plaintiff removed these identical requests to the Homeowners, inclusive of the original requests for their PornHub and Dating app information.

(Ex. B, RFP 4(d); Ex. D, RFP 4(d).) These are communications between counsel for co-defendants in pending litigation.

The communications are protected by the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383 (1981). They are protected by the joint defense (common interest) privilege as communications between counsel for co-defendants sharing a common legal interest. And they constitute attorney work product reflecting the mental impressions and legal theories of counsel. Fed. R. Civ. P. 26(b)(3)(B); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). No reasonable inquiry could have concluded that a demand for the entirety of defense counsel's inter-firm correspondence is consistent with the Federal Rules.

E. **Plaintiff Demands a Complete Data Download of Every Defendant's Personal Electronic Devices (RFP 5 to Homeowners and Individual Defendants)**

Request for Production 5 demands "a complete data download" of all personal electronic devices, including all photos, videos, text messages, notes, downloads, search history, call logs, voicemails, recordings, and applications. For the Homeowners, this covers July 23, 2024 to present. For the Individual Defendants, January 1, 2020 to present. (Ex. B, RFP 5; Ex. D, RFP 5.)

A "complete data download" of a person's phone sweeps in medical records, financial data, personal photographs, privileged communications with counsel, private conversations with family, and everything else on the device, without any tailoring to the issues in the case. The Homeowners are not alleged to have recorded, stored, or possessed any intimate content. A complete dump of their personal devices, including their medical records, financial data, and privileged communications with counsel, has no conceivable bearing on the claims brought against them.

F. **Plaintiff Demands the Homeowners' Financial Records and All Defendants' Retainer Agreements (Interrogatory 2(d), RFP 6 to Homeowners; RFP 9 to Homeowners; RFP 13 to Jones, Jr; and, RFP 11 to Alvarez and Corcoron-Sip)**

8

Interrogatory 2(d) demands that the Homeowners identify all credit card, checking, savings, and electronic payment card accounts since July 23, 2024 – the meet and confer limited it to insurance payments only. Request for Production 6 demands statements for each account. (Ex. C, Interrogatory 2(d); Ex. D, RFP 6). Now, Plaintiff seeks a burdensome task of the Homeowners going through their bank statements to redact and produce information related to insurance that is not applicable in this case. Their bank statements have zero nexus to this case.

Both discovery sets also demand production of retainer agreements, attorney fees, and costs incurred with any attorney retained or consulted since July 23, 2024. (Ex. B, RFP 13; Ex. D, RFP 9; Ex. F, H, RFP 11). Fee arrangements between a party and counsel are protected by the attorney-client privilege and reflect the client's litigation strategy.

## G. The Pattern of Untailored, Copy-Pasted Requests Confirms the Absence of Any Reasonable Inquiry

The violations above reflect a systematic failure to conduct the reasonable inquiry that Rule 26(g)(1) demands. Identical requests were served on Defendants with vastly different roles in the alleged conduct. The Homeowners received requests identical to those served on the Individual Defendants, despite being sued solely for premises liability/emotional distress and having no alleged involvement in any recording or dissemination.

The copy-paste failures are glaring. Interrogatory 3 to the Homeowners asks them to describe the circumstances of "recording" Plaintiff, although the Homeowners are not alleged to have recorded anything. Request for Production 7 to the Homeowners demands nursing licensing documents, a request that makes sense only for Jones Jr. who is a nurse. These errors confirm that Plaintiff's counsel did not review the Homeowner set before certifying it. *See DR Distributors, LLC v 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 952 (W.D. Ill. 2021) (sanctioning attorney for "carelessness and inattentiveness" in discovery certification).

**II. Plaintiff's Rule 26(a) Violations Warrant Dismissal Due to Plaintiff's Continuous Pattern of Harassment**

Plaintiff's Rule 26(a) disclosures, served on May 1, 2026, provide independent confirmation that the discovery requests challenged above lack any reasonable basis. (Ex. I, Plaintiff's Rule 26(a) Disclosures.). Further, per the meet and confers, Plaintiff confirmed that she has **no** evidence related to her allegations about OnlyFans in her Complaint, and that she needed the parties social security numbers and account information to facilitate subpoenas to see if it exists.

The Complaint alleges "upon information and belief" in nearly every count that "Jones and/or the Tortfeasors uploaded [the content] to OnlyFans for their respective financial gain in a manner that affects interstate commerce." (*See, e.g.*, Dkt. 4, ¶¶ 305, 318, 331, 344, 357, 370, 383, 396, 409.) Those allegations are the stated justification for the platform-wide discovery requests in Sections I.A and I.C above. Yet Plaintiff's initial disclosures do not identify a single document, data source, or piece of tangible evidence related to OnlyFans. No content from the platform itself. No account identification. No upload records. No subscriber data. No screenshots from the platform. No correspondence with OnlyFans. Plaintiff's disclosures describe her evidence only by generic categories, such as "relevant data from Plaintiff's phone," "medical records," and "employment records." Under *Chicago Joe's Tea Room*, 94 F.4th at 596–97, these generic, undifferentiated disclosures are insufficient. Worse yet, the confirmation that **no** evidence exists in Plaintiff's possession confirms that the Rule 11 Motion [Dkt 25] was warranted.

The only "evidence" Plaintiff cited in her Complaint, and which she confirmed was the **only** "evidence" she had, was a group chat screenshot in which Jones Jr. stated his OnlyFans account was "banned." (Dkt. 4, pp. 39–40, ¶¶ 252–253.) OnlyFans is a legal platform, and the

10

existence of a banned OnlyFans account does not support the allegation that Plaintiff's intimate images were uploaded to the platform. Five months after filing the Complaint, Plaintiff still cannot identify a single piece of evidence supporting this central allegation. Rather, Plaintiff goes on a fishing expedition to harass and embarrass Defendants.

This matters for Rule 26(g) because an attorney certifying discovery requests must conduct a "reasonable inquiry" into whether those requests are consistent with the Rules and proportional to the needs of the case. Fed. R. Civ. P. 26(g)(1). An attorney who propounds sweeping discovery premised on allegations she knows, or should know, have no evidentiary support has not conducted a reasonable inquiry. She has used discovery as a tool of harassment. *See Oppenheimer Fund*, 437 U.S. at 353 n.17. The Jones Defendants' Rule 11 Motion [Dkt. 25] addresses the fabrication of the OnlyFans allegations in full. The empty Rule 26(a) disclosures now confirm that Plaintiff propounded discovery on a theory she cannot support, which independently violates Rule 26(g).

This pattern of conduct, fabricated Complaint allegations followed by invasive discovery designed to exploit them, satisfies the standard for dismissal. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (dismissal requires only a preponderance showing of "willfulness, bad faith, or fault," where "fault" encompasses "extraordinarily poor judgment or gross negligence"). Plaintiff's counsel received a written warning in the form of the Jones Defendants' December 11, 2025, Rule 11 safe-harbor letter identifying these deficiencies and providing an opportunity to cure. She did not cure. She served discovery that amplified the very conduct the letter warned against. *See Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (upholding dismissal where misconduct occurred "on the heels of a pattern of the abuse of the judicial process" for which counsel had been given "final warning"); *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (once willfulness, bad faith, or fault is established, dismissal need

only be proportionate to the circumstances). Consequently, when Plaintiff failed to identify supporting evidence of the OnlyFans allegations in her Rule 26(a) disclosures, she showed the Court that she was willing to file her public Complaint with severe, unfounded, and salacious allegations with complete disregard for the implications of those allegations on the Defendants. Thus, showing the Court that the Rule 11 Motion [Dkt. 25] is warranted because the claims purported by the Plaintiff are unfounded. Plaintiff seeks only to embarrass, harass, and hurt all of the Defendants' reputations by and through this improper litigation. Consequently, dismissal of the Complaint is an equitable and proper sanction against the Plaintiff.

### A. In the Alternative, Plaintiff's Discovery Should Be Stayed Pending Her Response to Defendants' Discovery

Defendants have served their own discovery on Plaintiff. Plaintiff's responses will reveal whether she possesses any evidence supporting the OnlyFans allegations and, more broadly, the scope and substance of her actual claims. That information is directly relevant to the pending Rule 11 Motion and to whether additional Defendants may seek to join it. Requiring Defendants to respond to Plaintiff's discovery, which this Motion challenges as sanctionable, before Plaintiff has responded to Defendants' discovery would compound the prejudice. Courts have broad discretion to sequence discovery under Rule 26(d)(3) and to stay proceedings pending resolution of dispositive or sanctions motions. See *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (district courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket"). Staying Plaintiff's challenged discovery until she responds to Defendants' discovery will allow the parties and the Court to evaluate the evidentiary basis for Plaintiff's claims before requiring Defendants to endure further burden from requests that may be mooted by dismissal or narrowing of the claims.

**REQUESTED RELIEF**

The violations documented above are pervasive, severe, and reflect a deliberate strategy of harassment. Once a Rule 26(g) violation is found without substantial justification, this Court must impose a sanction. *Rojas*, 775 F.3d at 909. Further, sanctions for Rule 26(a) failures are necessary as Plaintiff has demonstrated a pattern behind her intent in bringing this litigation – harassment, embarrassment, and harm. For the reasons set forth in this Motion, the record establishes fault warranting the following relief:

1. Finding that Plaintiff's counsel certified the discovery requests identified above, or otherwise by the Court, are in violation of Rule 26(g)(1)(A), (B), and (C), without substantial justification and must be stricken;

2. The Rule 11 Motion [Dkt 25] be granted dismissing the Complaint in its entirety as a sanction;

3. Awarding all Defendants all reasonable attorney fees and costs incurred in (a) analyzing and responding to the improper discovery, and (b) preparing and filing this Motion, consistent with *Houston*, 820 F.3d at 855;

4. Issuing a formal reprimand of Plaintiff's counsel for the systematic failure to conduct a reasonable pre-certification inquiry, as authorized by *Rojas*, 775 F.3d at 909;

5. Bar Plaintiff from seeking discovery into or alleging that any of the Defendants have disseminated intimate content of a third-party;

6. Dismiss this action with prejudice as to all Defendants due to the continuous pattern of harassment;

7. In the alternative, bar Plaintiff from seeking discovery until after she responds to the Defendants' discovery; and,

13

8. Granting such other and further relief as this Court deems just and appropriate.

Dated: June 1, 2026

Respectfully submitted,

By:/s/ Krista Krepp
Krista Krepp
The Law Office of Krista Krepp, LLC
ARDC No. 6329959
312-292-9887
krista@krepplaw.com
*Counsel for Thomas C. Jones Jr., Thomas C.*
*Jones Sr., And Jennifer Jones*

By: /s/ I. Cem Kuru
Ismail Cem Kuru
The Law Office of Krista Krepp, LLC
ARDC No. 6324206
618-823-2224
cem@krepplaw.com
*Counsel for Adrian Alvarez and Kegan Corcoran-Sipe*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 18, 2026, I in good faith conferred with the counsel for Plaintiff in an effort to resolve the dispute without court action.

/s/ Ismail Cem Kuru
Ismail Cem Kuru

I hereby certify that on May 15, 2026, I in good faith conferred with the counsel for Plaintiff in an effort to resolve the dispute without court action.

/s/ Krista Krepp
Krista Krepp

15

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ismail Cem Kuru
Ismail Cem Kuru